IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALMA VERONICA GONZALEZ, | |
| Plaintiff, | CV No. 06-395-AS |
| v. | FINDINGS AND RECOMMENDATION |
| ADECCO NORTH AMERICA, LLC, d.b.a., ADECCO EMPLOYMENT SERVICES OF OREGON, a Delaware Corporation, | |
| Defendant. | |

ASHMANSKAS, Magistrate Judge:

Defendant Adecco North America, LLC ("Adecco"), has moved to dismiss plaintiff's complaint on the ground that it was not filed within the applicable statute of limitations (docket No. 7). In response, plaintiff has agreed to dismiss her state law claim, but asks that the limitations period be equitably tolled in regard to her claims under federal law.

FACTS

The facts relevant to this motion are not in dispute. On November 12, 2004, plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment

1 - FINDINGS AND RECOMMENDATION

Opportunity Commission ("EEOC"), alleging that defendant, her former employer, discriminated against her on the basis of her race. She received a right-to-sue letter from BOLI on November 14, 2005, which states that she had ninety days from the date of issuance of the letter to bring her claims in state court. Plaintiff received a right-to-sue letter from the EEOC on December 15, 2005, which states that she had ninety days from receipt of the letter to bring her federal claims.

On March 20, 2006, plaintiff filed the complaint in the present action, alleging: (1) race discrimination pursuant to ORS § 659A.030; (2) hostile work environment race discrimination in violation of Title VII; and (3) constructive discharge in violation of Title VII. In response to the pending motion, plaintiff has agreed to voluntarily dismiss her state law claim. Defendant asserts that the federal claims should be dismissed as well, because the complaint was not filed until 94 days after plaintiff received the right-to-sue letter from the EEOC.

DISCUSSION

The Ninth Circuit has previously dismissed claims that were filed beyond the ninety-day limitations period, explaining:

> "If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the action within the ninety-day period, the action is barred."

Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1996). In Scholar v. Pacific Bell, the Ninth Circuit held that a complaint, filed 93 days after receipt of a right-to-sue letter, was properly dismissed even though the plaintiff did not read the notice until several days after it was delivered to her house. 963 F.2d 264, 267 (9th Cir. 1992). In light of these precedents, defendant's motion should be granted, and plaintiff's complaint should be dismissed with prejudice.

Plaintiff asserts, however, that the ninety-day limitations period should be equitably tolled,

because the delay in filing the complaint was due to the mistake of counsel, specifically, because her counsel "inappropriately add[ed] three days for mailing to the received date of [the] December 16, 2005 [EEOC right-to-sue letter]." Plaintiff's Opposition to Defendant's Motion to Dismiss, p. 2. Defendant asserts that these circumstances do not warrant application of the doctrine of equitable tolling .

As a statute of limitations, the ninety-day period specified in the EEOC's right-to-sue letter is subject to the doctrine of equitable tolling. Therefore, relief from its strict construction "is readily available in extreme cases and gives the court latitude in a case-by-case analysis. Scholar, 963 F.2d at 267. The Scholar court, under the circumstances described above, declined to apply the doctrine to toll the limitations period, and consequently, affirmed the dismissal of the plaintiff's claims. Id. at 268.

This is consistent with the Supreme Court's directive that equitable tolling should be applied in very limited circumstances:

> "Federal courts have typically extended the doctrine only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."

Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990). Thus, where a complaint was filed fourteen days beyond the limitations period, dismissal was proper even though the plaintiff's attorney had been out of the country for approximately two weeks after the notice was received. Id. at 92, 96. The Court held that "the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." Id. at 96. So too here.

3 - FINDINGS AND RECOMMENDATION

The case relied on by plaintiff, Valenzuela v. Kraft, Inc., 801 F.2d 1170 (9th Cir. 1986), is distinguishable. In that case, the complaint was filed within the limitations period, but mistakenly in a court that did not have jurisdiction. Id. at 1174. That is precisely the situation addressed by the Supreme Court in Irwin, in which the claimant had actively pursued judicial remedies by filing a defective complaint within the limitations period, and equitable tolling should apply. That is not the circumstance here, however. Plaintiff did not file anything within the limitations period, and did not otherwise exercise due diligence to preserve her legal rights, which would warrant equitable tolling.

That is not to say that plaintiff was altogether derelict in prosecuting the claim. Plaintiff's counsel's ongoing communication with defense counsel during the limitations period is commendable. Furthermore, the type of calendaring mistake that caused the late filing can, and does, happen in estimable law practices, despite reasonable safeguards. Nonetheless, as the Supreme Court has made clear, "a garden variety claim of excusable neglect" does not merit equitable tolling. Irwin, 498 U.S. at 96. Consequently, plaintiff's federal claims were not timely filed and should be dismissed with prejudice.

## CONCLUSION

Defendant's motion (Docket No. 7) should be granted.

DATED this 10th day of October, 2006.

    /s/Donald C. Ashmanskas
    DONALD C. ASHMANSKAS
    United States Magistrate Judge

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 25, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.